Jim BENNETT, Petitioner—Appellant,

v.

**ALASKA ELECTRICAL TRUST FUNDS, Respondent—Appellee.**

No. 00–36103.
D.C. No. CV–00–00197–JKS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2002.

Decided Aug. 21, 2002.

Before B. FLETCHER, ALARCON, and GRABER, Circuit Judges.

## MEMORANDUM *

Claimant Jim Bennett sought to participate in an employee benefit plan by virtue of his membership in the International Brotherhood of Electrical Workers. The plan's trustees denied him participation on the ground that he was not an "employee" for purposes of plan participation. Claimant challenged that decision, and the parties submitted the dispute to arbitration as is provided in the plan documents. The arbitrator found that the trustees' reasons for excluding Claimant were erroneous as a matter of law and remanded the dispute to the trustees for a determination of Claimant's "employee" status under another legal standard. Claimant sought modification of the arbitration award in the district court, arguing that the arbitrator "awarded upon a matter not submitted to" him. 9 U.S.C. § 11(b). The district court disagreed with Claimant and dismissed the action. Claimant timely appeals. We affirm.

One of the questions presented to the arbitrator was "[w]hether the Trustees were in error on an issue of law." In order to decide whether the trustees had applied a correct or an incorrect legal standard, the arbitrator implicitly was called on to consider what the correct legal standard was. An arbitrator who decides a question that is "implicit in the submission" does not exceed his or her authority. *Michigan Mutual Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 830 (9th Cir.1995). An arbitrator is entitled to interpret the scope of the issues submitted, and we ac-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cord that decision considerable deference. *Assoc. of W. Pulp & Paper Workers, Local 78 v. Rexam Graphic, Inc.,* 221 F.3d 1085, 1089 (9th Cir.2000).

In this case, deference to the arbitrator's interpretation is particularly appropriate. The parties' correspondence demonstrated that they understood that the identification of the correct legal standard for the trustees' determination of Claimant's "employee" status was the crux of the dispute. In fact, Claimant's lawyer argued that the legal standard ultimately adopted by the arbitrator was the correct one and even attached to a letter a copy of one of the cases on which the arbitrator relied.

For these reasons we conclude that the arbitrator did not exceed his authority.

AFFIRMED.